# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ISSAC NEWMAN | CIVIL ACTION |
| versus | NO. 11-2354 |
| ISAAC BROWN | SECTION: "F" (1) |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Issac Newman, is a state prisoner incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana. On March 3, 2009, he pleaded guilty to possession of cocaine under state law and was sentenced to a term of two years imprisonment; however, imposition of that sentence was deferred based on petitioner's entry into a drug treatment program.[1] After petitioner's repeated failure to comply with the court's conditions for deferral of his sentence, the original two-year sentence was imposed on November 15, 2010. However, on that same date,

---

[1] State Rec., Vol. I of II, transcript of March 3, 2009; State Rec., Vol. I of II, minute entry dated March 3, 2009; State Rec., Vol. I of II, guilty plea form.

petitioner also pleaded guilty to being a third offender and was then resentenced as such to a term of six years imprisonment without benefit of probation or suspension of sentence.[2]

On August 29, 2011, petitioner filed the instant application for federal *habeas corpus* relief with the United States District Court for the Western District of Louisiana,[3] and the case was subsequently transferred to this Court.[4] However, after this federal application was filed, the state district court granted petitioner an out-of-time appeal on January 9, 2012.[5] In light of the granting of that out-of-time appeal, the state argues that the instant petition should be dismissed as premature. The state is correct.

As a result of the out-of time appeal, petitioner's state criminal judgment is no longer final, and his conviction is once again capable of invalidation or modification on direct appeal in the state courts. Jimenez v. Quarterman, 555 U.S. 113 (2009). Additionally, his claims have never been presented to the Louisiana Supreme Court for review and, therefore, are unexhausted.[6] For these reasons, petitioner's federal application should be dismissed.[7]

---

[2] State Rec., Vol. I of II, transcript of November 15, 2010; State Rec., Vol. I of II, minute entry dated November 15, 2010; State Rec., Vol. I of II, habitual offender guilty plea form.

[3] Rec. Doc. 1.

[4] Rec. Doc. 2.

[5] State Rec., Vol. I of II, minute entry dated January 9, 2012.

[6] Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in the state courts before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

[7] Petitioner may, of course, obtain federal review in the future, if necessary, by filing a new petition once his conviction is final. However, he must take care to ensure that any future petition

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Issac Newman** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[8]

New Orleans, Louisiana, this thirtieth day of January, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

is timely filed and that any claims asserted therein are properly exhausted.

[8] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.